UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEECHGROVE REDEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8446-CJB-SS** |
| **CARTER & SONS, INC.** | |

### ORDER

PACIFIC INSURANCE COMPANY'S MOTION TO QUASH (Rec. doc. 65)

**GRANTED IN PART AND DENIED IN PART**

In 2004, there were fires at three buildings on the property owned by the plaintiff, Beechgrove Redevelopment, LLC ("Beechgrove"):  (a) Building 977 - January 27, 2004; (b) Building 972 - May 11, 2004; and (c) Building 958 - September 30, 2004.  Beechgrove contends that the defendant, Carter and Sons Plumbing, Heating and Air Conditioning, Inc. ("Carter"), is responsible for the fire and damage to Building 972.  Beechgrove also sued the insurer for Building 972 and Pacific Insurance Company, Ltd. ("Pacific Insurance"), who was the insurer on Buildings 977 and 958.  It has documents relating to each fire.  Carter served it with a subpoena duces tecum for documents relating to the fires in Buildings 977 and 958.  For example, it requests all property damage estimates. Pacific Insurance urges that the subpoena be quashed because: (1) the documents relating to Buildings 977 and 958 are not relevant to the parties' claims and defenses on the fire in Building 972; (2) Carter has not demonstrated good cause to permit an expansion of the scope of discovery to include  any matter relevant to the subject matter involved in the action; (3) the documents were prepared in anticipation of litigation and Carter has not met its burden under Fed.

R. Civ. P. 26(b)(3).

Carter seeks documents submitted to Pacific Insurance by Beechgrove regarding the fire damage to Buildings 977 and 958 as well as documents prepared by or on behalf of Pacific Insurance as a consequence of the fires in the two buildings. The former will be referred to as "Beechgrove 977-958 documents" and the latter will be referred to as "Pacific 977-958 documents."

Carter has demonstrated good cause to permit an expansion of the scope of discovery for the Beechgrove 977-958 documents. They are not protected from disclosure as Pacific Insurance's trial preparation materials. Carter contends that either the plaintiff does not have the documents or if it does have them, it will not produce them. Pacific Insurance shall produce the Beechgrove 977-958 documents. Carter shall pay the reasonable cost for Pacific Insurance's production of the documents.

Carter contends that it requires the Pacific 977-958 documents to demonstrate that the damages sought by Beechgrove for Building 972 are excessive. It acknowledges that it has its own estimates of those damages as well as estimates from property claims adjusters retained by several parties including Pacific Insurance and other defendant insurance companies. Carter does not require the Pacific 977-958 documents to demonstrate that the Beechgrove estimates are excessive.

Carter contends that it needs invoices for the repairs to Buildings 977 and 958 to determine pre-Katrina prices for the repairs. It can obtain this information from the Beechgrove 977-958 documents.

Carter contends that it needs the Pacific 977-958 documents to determine whether Beechgrove is attempting to recover costs for Building 972 which are related to the damage to Buildings 977 and 958. It can obtain this information from the Beechgrove 977-958 documents.

Carter has not demonstrated good cause to expand the scope of discovery to the Pacific 977-958 documents and those documents are protected from disclosure as trial preparation materials. Carter's request for the Pacific 977-958 documents is denied.

IT IS ORDERED that: (1) Pacific Insurance's motion to quash subpoena duces tecum and notice of records deposition issued Carter (Rec. doc. 65) is GRANTED in PART and DENIED in PART; and (2) within ten (10) working days of the entry of this order Pacific Insurance shall produce the Beechgrove 977-958 documents.

New Orleans, Louisiana, this 24th day of April, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**