UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEECHGROVE REDEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8446-CJB-SS** |
| **CARTER & SONS, INC.** | |

### ORDER

CARTER'S MOTION FOR VIDEO DEPOSITION OF REGINALD WALKER AND STANFORD BARRE (Rec. doc. 161)

**GRANTED IN PART AND DENIED IN PART**

CARTER'S MOTION FOR VIDEO DEPOSITION OF WILLIAM CARROLL (Rec. doc. 167)

**GRANTED IN PART AND DENIED IN PART**

CARTER'S MOTION FOR VIDEO DEPOSITION OF STEVE OBERTACZ (Rec. doc. 168)

**DENIED**

CARTER'S MOTION FOR VIDEO DEPOSITION OF WILLIE PETERS, JR. (Rec. doc. 169)

**DENIED**

REGIONS' MOTION TO QUASH DEPOSITION OF WILLIAM CARROLL (Rec. doc. 174)

**DENIED**

Before the undersigned are five motions relating to the issue of whether the defendant, Carter & Sons Plumbing, Heating, and Air Conditioning, Inc. ("Carter"), may take video depositions of five persons for use at the trial. One motion (Rec. doc. 161) was set for December 17, 2008. The others were noticed for December 31, 2008. Some issues are common to the motions and they will be considered at one time. The trial is set for three weeks beginning June 15, 2009 with a jury. Depositions for trial use must be taken by April 21, 2009. Rec. doc. 148.

**A.      Reginald Walker.**

Walker is incarcerated in a federal penitentiary. Carter contends that: (1) Walker was the owner and president of Moss Creek Development Company, Inc. ("Moss Creek"); (2) the plaintiff, Beechgrove Redevelopment, L.L.C. ("Beechgrove"), entered into a contract with Moss Creek to renovate Beechgrove's apartment complex; (3) Carter signed a contract with Moss Creek to renovate Building 972 in the complex; (4) Moss Creek is a party to the litigation; (5) Walker had a substantial role in securing, administering and overseeing the Moss Creek/Carter contract; (6) Walker's discovery deposition was taken for three days; and (7) Walker's video deposition will streamline his trial testimony and present it in a meaningful way to the jury.

Moss Creek seeks two conditions on Carter's request: (1) Walker's video deposition be limited to trial purposes and not for additional discovery; and (2) it be limited to seven hours. Rec. doc. 172. Carter responds that it will not use the video deposition for further discovery. While it acknowledges the seven hour limit on depositions in Fed. R. Civ. P. 30(d)(1), it requests that the parties be permitted to exceed that limit by stipulation. In the event the parties cannot agree to extend the limit, then it reports that it may seek leave to extend the limit. Rec. doc. 180. No other party submitted an opposition to Carter's request for Walker's video deposition. Beechgrove reports that it has no opposition. Rec. doc. 177 at 2.

The parties shall proceed as follows:

1.      Carter may take Walker's video deposition at the place of his incarceration.

2       The deposition shall be taken for use at the trial, and Walker may not be questioned on any area that was not the subject of his discovery deposition.

3.      At least ten (10) working days prior to the deposition, Carter shall deliver to Walker

        and counsel for all parties pre-marked copies of the exhibits to be used by Carter in Walker's deposition.

4. At least six (6) working days prior to the deposition, all other parties shall deliver to Walker and counsel for all parties pre-marked copies of all exhibits to be used by them in Walker's deposition.

5. At least four (4) working days prior to the deposition, Carter may supplement the exhibits it will use in Walker's deposition by delivering pre-marked copies of them to Walker and all counsel.

6. No party may use an exhibit at Walker's video deposition which has not been identified as set forth above.

7. The deposition will be limited to seven hours unless the parties stipulate to a longer time. Any request for additional time is denied.

8. Prior to the start of the deposition, the parties shall agree on how much time each party shall have for questioning Walker. If a party uses less than its allotted time or does not use any of its allotted time, the party may cede its unused time to another party. If the parties are unable to agree on a division of time, at least five (5) working days prior to the depositions, the parties shall e-mail letters to the undersigned at mike_okeefe@laed.uscourts.gov with their position on how the time should be divided and a brief explanation for their position.

**B.** **Stanford Barre.**

Barre is incarcerated in a federal penitentiary different from Walker's place of confinement. Carter reports that: (1) Barre was chairman of Treme Cottages which, along with Jefferson Housing

Foundation, formed Beechgrove; (2) he was deposed for one day; (3) his testimony is relevant to Carter's defense that factors other than the fire were responsible for Beechgrove's bankruptcy. No party submitted any opposition to Carter's request for Barre's video deposition. Beechgrove reports that it has no opposition. Rec. doc. 177 at 2. The request for Barre's video deposition will be granted. Carter and the other parties shall follow the same procedures for Barre's video deposition as set for Walker's video's deposition.

**C.     William Carroll.**

Carroll is the vice president of Regions Bank in Birmingham, Alabama. Regions and Carroll are not parties to this litigation. Carter contends that: (1) Regions' provided a $9 million construction loan for the Beechgrove renovation; (2) on August 2, 2007, it sued to foreclose on the entire complex; (3) Beechgrove filed for bankruptcy; (4) the suits were stayed; (5) Beechgrove contends that its bankruptcy was caused by Carter's refusal to repair Building 972 after the fire; (6) Beechgrove listed Carroll as a trial witness; (7) Carroll was deposed without video; and (8) a video deposition will facilitate the presentation of Carroll's testimony to the jury.

Beechgrove joins in the request for Carroll's video deposition. It reports that: (1) its counsel is a sole practitioner; (2) the Bankruptcy Court did not approve it to engage any other counsel; (3) Carroll flew to New Orleans for his deposition on July 23, 2008; (4) at the last moment counsel for Beechgrove was not able to participate in Carroll's deposition because he was unexpectedly required to appear in an open trial at Civil District Court; and (5) counsel for Beechgrove allowed Carroll's deposition to proceed on the understanding that it would only be a discovery deposition. Rec. doc. 178.

Regions opposes Carter's motion for Carroll's video deposition and filed a motion to quash the deposition. It urges that: (1) Carter took Carroll's deposition for all purposes; (2) Carter knew that Carroll could not be subpoenaed to appear for trial; (3) it choose not to videotape the July 23, 2008 deposition; (4) a further deposition is unduly burdensome; and (5) Carter issued its notice for the Carroll video deposition without first seeking leave to take the deposition as required by Fed. R. Civ. P. 30(a)(2).

Considering the inability of counsel for Beechgrove to participate in the deposition, the request to depose Carroll will be granted. The discovery deposition only lasted four hours. The video deposition shall be concluded at the end of three and half hours. All other procedures specified for Walker's video deposition are applicable to Carroll's video deposition.

D.  **Steve Obertacz.**

Obertacz is an employee of TTL Associates in Toledo, Ohio. Carter reports that: (1) on January 20-22, 2006, Obertacz, an engineering technician, prepared a report on the condition of Building 972 for Barton Mallow Company, (2) the report identified several suspect structural conditions; and (3) his testimony is relevant to the length of time required to restore the building to use. Beechgrove opposes the request for Obertacz's video deposition because: (1) he was deposed in Ohio; (2) at the time of the deposition, Carter knew that he could not be subpoenaed to appear for the trial; (3) Carter could have taken his deposition by video but did not do so; and (4) a video deposition will be duplicative.

The request for Obertacz's video deposition is denied. Carter has not demonstrated why it could not have used video when Obertacz was first deposed.

**E.   Willie Peters.**

Peters' circumstances are very similar to those of Obertacz. On Monday, March 17, 2008, Peters was deposed in Marietta, Georgia. Rec. doc. 169 (Exhibit C). Carter chose not to video the deposition. It contends that his deposition is about 360 pages and it would be unduly cumbersome to read the deposition to the jury. Carter has not demonstrated why it could not have used video when Peters was first deposed. The request for Peters' video deposition is denied.

IT IS ORDERED that:

1. Carter's motion for leave to obtain the video trial depositions of Reginald Walker and Stanford Barre (Rec. doc. 161) is GRANTED in PART and DENIED in PART as provided herein.

2. Carter's motion for leave to obtain the video trial deposition of William Carroll (Rec. doc. 167) is GRANTED in PART and DENIED in PART as provided herein.

3. Carter's motion for leave to obtain the video trial deposition of Steve Obertacz (Rec. doc. 168) is DENIED.

4. Carter's motion for leave to obtain the video trial deposition of Willie Peters (Rec. doc. 169) is DENIED.

5. Regions' motion to quash subpoena and notice of video deposition ~~and motion for protective~~ order (Rec. doc. 174) is DENIED.

New Orleans, Louisiana, this 22nd day of December, 2008.

SALLY SHUSHAN
**United States Magistrate Judge**