```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BEECHGROVE REDEVELOPMENT,                CIVIL ACTION
L.L.C.

VERSUS                                   NO: 07-8446

CARTER & SONS PLUMBING,                  SECTION: J
HEATING AND AIR-
CONDITIONING, INC., ET AL

## ORDER AND REASONS

Before the Court is Carter & Sons Plumbing, Heating and Air-Conditioning, Inc.'s ("Carter") **Motion to Strike and/or Exclude the Expert Testimony of Beechgrove's Expert Witnesses (Rec. Doc. 227)**, seeking an order excluding Beechgrove's expert witnesses C. Spencer "Dodie" Smith, Robert "Bob" Anderson, Ralph Theriot, and Jana Bledsoe (collectively "the Witnesses") from testifying at the trial of this matter.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

The various claims in this case arise out of a series of contractual relationships centering on the renovation project at the Beechgrove Phase I apartment buildings in Westwego, Louisiana. Beechgrove is a Louisiana non-profit entity that acquired the Beechgrove apartment complex in 2001 subject to a HUD Warranty Deed with title restrictions mandating use of the complex for affordable housing. As discussed in prior Orders of this Court, Beechgrove procured financing and contracted out various work in the process of renovating the Beechgrove complex ("the Renovation Project"). The underlying claim by Beechgrove has its basis in a fire that was allegedly caused by employees of

Carter who were performing work on the plumbing and HVAC system in Building # 972 of the Beechgrove apartment buildings as part of the renovation. The fire led to several suits in state court and Beechgrove's eventual bankruptcy. The state court suits were removed to this Court in connection with the bankruptcy proceedings, and are set for trial on June 21, 2009.

On July 16, 2008, Beechgrove sent correspondence ("the Letter") to all counsel in this case designating the Witnesses as possible experts for use at trial.

The Letter indicates the following regarding each of the Witnesses:

1) **Smith** is identified as an architect employed by Beechgrove during the renovation project who will testify as to facts and opinions regarding the "status of [Building #972] pre- and post-fire, property damage, Jefferson Parish Building Code upgrade requirements, replacement cost value, damages, repairs and costs, all work done with respect to [Building #972], and an other matters set forth in the Petition." Rec. Doc. 227-4, Ex. A.

2) **Anderson** is identified as project engineer employed by Beechgrove during the renovation project who will testify as to facts and opinions regarding the "status of [Building #972] pre- and post-fire, property damage, repairs and costs, Jefferson Parish Building Code upgrade requirements, all work done with respect to [Building #972], and all other matters set forth in the Petition." Id.

3) **Theriot** is identified as a certified public accountant ("CPA") employed by Beechgrove during the renovation project who will offer fact and opinion testimony regarding " Beechgrove's financials and business interruption loss." Id.

4) **Bledsoe** is identified as a CPA employed by Beechgrove during the renovation project who will testify as to facts and opinions regarding "Beechgrove's audits, business interruption loss, and damages relative to

2

foreclosure and bankruptcy." Id.

In addition, the Letter indicated the following with respect to the Witness's reporting obligations under Rule 26 of the Federal Rules of Civil Procedure:

> The designation of the [Witnesses] as fact/expert witnesses is to convey that they are experts employed in the Beechgrove Project and not experts retained or specially employed to give expert testimony in this litigation so as to trigger the requirement of a written report under Rule 26 of the Federal Rules of Civil Procedure[.]

Id.[1]

Carter responded to the Letter by sending its own letter indicating its disagreement with Beechgrove's position. Carter's present motion concerns the Letter and the issues of expert designation and reporting implicated therein.

## **THE PARTIES' ARGUMENTS**

Carter argues that the Witnesses should be excluded from providing any expert testimony at trial because Beechgrove did not file expert reports for the Witnesses before the February 23, 2009 deadline set forth in the Court's Scheduling Order. Carter argues that Beechgrove intends to use the Witnesses to present expert testimony at trial, and thus Beechgrove's failure to supply reports in accordance with the Scheduling Order warrants exclusion of the Witnesses at trial. Specifically, Carter notes

---

[1] Beechgrove also points out in its Opposition that Smith, Theriot, and Bledsoe were also listed in Beechgrove's initial disclosures as potential fact and opinion witnesses. In addition, Beechgrove sent a follow-up letter on February 20, 2009 to all counsel indicating that the Witnesses would offer both fact and opinion testimony.

3

that while the Letter identified areas of expertise for each of the Witnesses, it did not set forth any of their purported expert opinions.  Carter propounded a ninth set of interrogatories after the February 23 deadline in order to give Beechgrove another opportunity to indicate the nature of the Witnesses' opinions, but the interrogatories went unanswered.  Thus, Carter contends that the Witnesses should be excluded for failure to comply with the reporting requirement of Rule 26(a)(2)(B) and the Court's Scheduling Order.

As to Smith, Carter notes that she testified at her deposition that she would not be offering expert testimony, and counsel for Beechgrove verified that Smith would not testify as such.  As a result, counsel for Carter did not pursue any line of questioning with regard to Smith's possible expert opinions. Nonetheless, Carter notes that Smith has issued reports to Beechgrove's managing member Jefferson Housing Foundation in which she expresses opinions regarding the insurance settlement for Building #972, and has also produced her work file which is labeled in relation to the fire claims.  Carter suggests that these reports indicate that Beechgrove did in fact retain or employ Smith to render expert opinions, and thus she was required to comply with the Rule 26 expert report disclosures.  As such, Carter argues that Smith's testimony at trial should be limited solely to fact testimony.

Regarding Anderson and Theriot, Carter argues that both men have failed to produce any documentation of any expert opinion

4

they may have, much less the detailed report required under Rule 26. Furthermore, Carter alleges that while it attempted to determine what if any expert opinion Theriot and Carter might have, its interrogatories and deposition requests to that effect were refused. Thus, Carter likewise requests that Anderson and Theriot's trial testimony be restricted solely to factual testimony.

Finally, as to Bledsoe, Carter again argues that she has not produced any documentation whatsoever as to her opinions. Further, Carter notes that Bledsoe's deposition testimony indicated that she did not intend to offer at trial, nor had she ever previously offered, any expert opinion in connection with this matter. Again, as with Smith, Carter argues that Bledsoe should not be allowed to offer any expert opinion testimony at trial after her deposition indicated that no such testimony would be forthcoming.

In opposition, Beechgrove argues initially that Carter's motion seeks a delineation between the *fact* and *opinion* testimony of each of the Witnesses, which will necessarily require a finding at the time of proffer as to whether the Witnesses will be giving *opinion* testimony or *factual* testimony *regarding* opinions rendered in their capacity as Beechgrove employees during the renovation project. Beechgrove notes that Carter's motion does not provide any law in support of its position that the Witnesses should be excluded. Beechgrove, on the other hand,

points to the express provisions of Rule 26, which indicate that only witnesses who are "retained or specially employed to provide expert testimony . . . or [those] whose duties as the party's employee regularly involve giving expert testimony" must produce the report required under the rule. Fed. R. Civ. P. 26(a)(2)(B). Beechgrove contends that none of the Witnesses fit this category of retained or specially employed witnesses, and thus, although they have been expressly designated as potential opinion witnesses, their testimony should not be excluded. See Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875 (5th Cir. 2004); Boudreaux v. J.P. Morgan Chase & Co., 2007 WL 4162908 (E.D. La. Nov. 21, 2007). Beechgrove concedes that the issue is debatable as to whether Smith's testimony regarding the opinions she rendered to Beechgrove *during the renovation project* is truly expert testimony under Rule 702 and for purposes of the Rule 26 reporting requirement. However, Beechgrove contends that their timely designation of the Witnesses as potential opinion witnesses was sufficient, and that no Rule 26 reports were required.

## **DISCUSSION**

Rule 26(a)(2)(A) requires that a party "disclose to the other parties the identity of any witness it may use at trial to present evidence" of his or her opinions as an expert under Rule 702 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). In turn, Rule 26(a)(2)(B) requires that designated

testifying experts produce detailed reports as outlined in the rule, but only "if the witness is one **retained or specially employed** to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. R. 26(a)(2)(B) (emphasis added). The Advisory Committee's notes to Rule 26 indicate that subdivision (a)(2)(B) does not necessarily apply to all witnesses who may present expert opinions:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Id. at Advisory Committee's note to the 1993 Amendment. The Fifth Circuit has noted that the *designation* requirement of Rule 26(a)(2)(A) applies to **all** expert witnesses, including those who may testify at trial, those who will not testify at trial, and those who were **not specially retained** to give expert testimony at trial. See Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 n.4 (5th Cir. 2004). However, the *reporting* requirement of Rule 26(a)(2)(B) only applies by its own terms to those experts "retained or specially employed" to give expert testimony at trial or whose duties as a party's employee normally includes such testimony. Id. "By distinguishing between the **identification** of an expert whose opinions may be presented at trial, and the **requirement of an expert report**, Rule 26(b)(4)(A)

7

reiterates that Rule 26(a)(2)(A) applies to **all testifying experts**," and thus even non-retained experts are subject to deposition as fact witnesses, if not the reporting requirements of Rule 26(a)(2)(B).  Id. (emphasis added); see also Rule 26(b)(4)(A), at Advisory Committee's note to the 1970 Amendment ("Such an expert should be treated as an ordinary witness.").

Furthermore, and with respect to subdivision (b)(4) of Rule 26 which governs the scope of discovery as to specially retained testifying and non-testifying experts, the Advisory Committee's note points out that

> the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Id. at Advisory Committee's note to the 1973 Amendment.  Thus, the plain language of Rule 26, as well as the Advisory Committee's guidance on its interpretation, suggest a clear distinction between the reporting requirement as it applies to "retained or specially employed" experts, and other experts who were "actor[s] or viewer[s] with respect to transactions or occurrences" that form the substantive basis of the lawsuit.

The quintessential example of a non-retained expert is the treating physician of a personal injury plaintiff, whose testimony, while necessarily based on his expert opinion as to diagnosis and treatment, is not specially formulated for trial purposes, and thus is not subject to the Rule 26 reporting

8

requirement. See Rule 26(a)(2)(B) at Advisory Committee's note to the 1993 Amendment. Indeed, the rule established in this Court is that a plaintiff's treating physician is not bound by the Rule 26 reporting requirements. See, e.g., Boudreaux v. J.P. Morgan Chase & Co., 2007 WL 4162908, *2 (E.D. La. Nov. 21,2007); Knorr v. Dillard's Store Servs. Inc., 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005)(Vance, J.). The exemption from Rule 26 reporting requirements for treating physicians is based on Congress's effort in Rule 26 "to balance the fulsome and efficient disclosure of expert opinions with a concern that reports should not be required in all situations." Boudreaux, 2005 WL 2060905 at *3 (internal quotations omitted). Rule 26's distinction between retained experts and treating physicians reflects the drafters' "concern[s] . . . about the resources that might be diverted from patient care if treating physicians were required to issue expert reports as a precondition to testifying." Id. (citing Watson v. United States, 485 F.3d 1100, 1107 (10th Cir.2007)). Notwithstanding the rule in this Court, other courts have nonetheless noted that the rule exempting treating physicians from the Rule 26 reporting requirements could be used to thwart the broader purposes of the discovery rules:

> The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement. A party might attempt to avoid Rule 26(a)(2)(B)'s requirement by having a treating physician testify on an issue instead of having an expert do so. Some courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the

9

>     core of the physician's treatment, Rule 26(a)(2)(B)
>     requires the filing of an expert report from that
>     treating physician.

Fielden v. CSX Transp., Inc., 482 F.3d 866, 870 (6th Cir. 2007).

This case does not involve a non-retained treating physician. Rather, it involves regular, not specially retained, employees of a plaintiff developer whose work for the developer involved analysis of facts and rendering of opinions during a real estate development project and the subsequent demise of the project due to a fire. Furthermore, and as with the exemption for treating physicians, it is possible that employers such as Beechgrove may avoid the Rule 26 reporting requirement by indicating that its professional employees, who may very well be proper fact witnesses in the underlying litigation, are not subject to the reporting requirements because they were not specially retained in preparation for trial. Allowing a blanket exemption from reporting requirements for all professional employees not specially retained by a plaintiff but who nonetheless may provide expert opinions would "create a category of expert trial witness for whom no written disclosure is required -- a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy." Day v. Consolidated Rail Corp., 1996 WL 257654, *2 (S.D.N.Y. May 15, 1996) (citing Fed. R. Civ. P. 26(a)(2)(B), Advisory Committee Notes which note that the 1993 amendments broadened expert discovery). In other words, a party

might attempt to avoid Rule 26(a)(2)(B)'s reporting requirements by having a regular employee testify on an issue instead of an expert.  To avoid this potential problem, some courts have concluded, in the context of treating physician testimony, that "when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert report from that treating physician."  Id. (collecting cases).[2]  "Under this purposive reading of Rule 26, a report is not required when a treating physician testifies within a **permissive core** on issues pertaining to treatment, **based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment.**"  Id. (emphasis added); see also Minn. Mining & Mf'g v. Signtech USA, Ltd., 177 F.R.D. 459 (D. Minn. 1998) (adopting distinction from Day between hybrid fact/expert

---

[2] Other courts, however, have established an essentially per se rule exempting all employee-experts from the Rule 26(a)(2)(B) reporting requirements, notwithstanding any policy concerns.  See, e.g., Duluth Lighthouse for the Blind v. C.G. Bretting Mf'g Co., Inc. 199 F.R.D. 320 (D. Minn. 2000); Navajo Nation v. Norris, 189 F.R.D. 610 (E.D. Wash. 1999).  This analysis has focused solely on the plain language of Rule 26(a)(2)(B), concluding that while "it is undesirable for litigants to elude the automatic expert disclosure requirements by guise, contrivance, or artful dodging, we are not empowered to modify the plain language of the Federal Rules so as to secure a result that we think is correct."  Duluth, 189 F.R.D. at 325.  However, "[i]f the drafters had intended to impose a report obligation on all employee-experts, they could have and would have done so."  Norris, 189 F.R.D. at 613.  Thus, these courts would exempt any employee-expert who does not regularly provide expert testimony in litigation from the Rule 26 reporting requirements, notwithstanding the policy concerns in such a rule.

employee witnesses and purely expert employee witnesses and requiring purely expert employee witnesses to comply with Rule 26(a)(2)(B) reporting requirements).

The policy concerns regarding diversion from patient care that underlie this Court's exemption from Rule 26 reporting requirements for treating physicians are absent in the context of professional employees of a real estate developer. As such, the <u>Fielden</u> court's "permissive core" analysis should apply in the instant circumstances. As an initial matter, the Witnesses were properly designated under Rule 26(a)(2)(A) as opinion witnesses in Beechgrove's initial disclosures and in the July 16 and February 20 letters. Furthermore, at least as to Smith and Bledsoe, their deposition testimony further revealed that they neither intended to give nor had ever previously given any expert testimony in connection with this or any other matter.[3] Thus, their testimony as to their opinions and observations during the

---

[3] At least one district court in the Fifth Circuit has recently held that "[i]f parties who designate an expert do not disclose a report under Rule 26(a)(2)(B), they bear the burden of demonstrating that their designated expert is not one "retained or specially employed to provide expert testimony in the case," and not one "whose duties as an employee of the party regularly involve giving expert testimony." <u>Lee v. Valdez</u>, 2008 WL 4287730, *2 (N.D. Tex. Sept. 18, 2008) (citing <u>Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.</u>, 2006 WL 3192544, at *3 (D. Kan. Nov. 2, 2006). In this case, the evidence as to Smith and Bledsoe clearly shows that each indicated at deposition that they had never testified as experts and never intended to testify as experts, and thus Beechgrove's burden under <u>Valdez</u> has been met. As for Anderson and Theriot, there is no evidence in the present record regarding any past or intended expert testimony, and thus such evidence should be produced at trial as a foundation to any hybrid testimony (see below) they may give.

12

renovation project and during the aftermath of the fire should not be excluded for failure to properly designate.

In addition, despite their failure to file expert reports in accordance with Rule 26(a)(2)(B), the Witnesses were not specially retained or employed by Beechgrove for purposes of this litigation, and thus were exempt from the Rule 26(a)(2)(B) reporting requirement insofar as their testimony may be related to their observation and opinions during the renovation project. As such, they can be considered "hybrid" fact and opinion witnesses. However, their testimony should be allowed only as to facts and **opinions that were not produced specifically in preparation for the trial of this matter.** This approach would comport with the plain language of Rule 26(a)(2)(B), which clearly contemplates that some employees who render expert opinions should be exempt from the reporting requirement, but would limit the exception to "experts who are testifying **as fact witnesses**, **although they may also express some expert opinions**." Day, 1996 WL 257654 at *2 (emphasis added). However, to the extent that the Witnesses may be "called solely or principally to offer expert testimony," they should be required to comply with the Rule 26(a)(2)(B) reporting requirements, regardless of their status as Beechgrove employees. Id.; see also Lee v. Valdez, 2008 WL 4287730 (N.D. Tex. Sept. 18, 2008) (excluding defendant sheriff's' expert treating physicians in action for wrongful death of inmate based on failure to produce Rule 26 expert

reports, despite argument that physicians were exempt as employees of defendant); Prieto v. Malgor, 361 F.3d 1313, 1318-19 (11th Cir. 2004).

Thus, the question of whether the Witnesses' testimony should be excluded at the trial of this matter will depend in large part on the nature and scope of that testimony.  To the extent that the Witnesses testify regarding their factual observations and professional analyses rendered during the renovation project and post-fire operations, such hybrid fact-opinion testimony should be admitted, despite the lack of expert reports.  However, to the extent the Witnesses stray into opinions that they may have developed **in preparation for the litigation of this matter**, that testimony should be excluded.  Any such testimony would be pure expert testimony under Rule 702, and should be subject to the Rule 26 reporting requirements.

This conclusion is supported by the court's ruling in In Re Worldcom, Inc. Securities Litig., 2005 WL 375315 (S.D.N.Y. Feb. 17, 2005).  Worldcom involved a motion to exclude the testimony of approximately sixty current and former employees of the defendant underwriters in an action arising out of the Worldcom scandal.  Id. at *3.  The employees were named as opinion witnesses as to various aspects of operations of capital markets, due diligence with respect to bond offerings, corporate disclosure practices, financial analysis, industry standards, etc.  Id.  In addition, Arthur Andersen LLP, another defendant in

the case, intended to offer expert testimony through its former employees regarding requirements of generally accepted accounting standards.  Id.  Both the underwriters and Arthur Andersen disclosed their intent to call these employee-experts, but did not produce expert reports.  Id.  The plaintiffs sought exclusion of all such testimony based on the underwriters' and Andersen's failure to comply with the Rule 26(a)(2)(B) reporting requirements.  Id.  The Worldcom court, however, denied the plaintiff's motion and allowed the employee-experts to testify despite the lack of any Rule 26 reports.  Id.  Referencing the treating physician example from the Advisory Committee's notes to Rule 26, the Worldcom court held that "the expert testimony from each of the identified witnesses relates to the very topics on which the same witnesses will testify as participants in the events at issue in this trial."  Id. at 4.  Furthermore, the court noted that the underwriters and Arthur Andersen made the proper designation of the employee-experts as required under Rule 26(a)(2)(A) such that plaintiffs would not be blind-sided by their testimony.  Id.  Finally, the court pointed out that the notice designating the employee-witnesses as experts also expressly warned that there was no concession that any of the employee-experts' testimony would actually be expert in nature. Id. at 3 n.5.  As such, the Worldcom court denied the plaintiff's motion to exclude the employee-experts, but without prejudice to the plaintiff's right to conduct voir dire at trial of any witness it believed was unqualified to give expert testimony.

Id. at 4.[4]

Similarly, the Witnesses at issue in this motion all will presumably testify regarding their participation in the events at issue in this trial, namely the Renovation Project and its fiery denouement. As such, the Witnesses, as Beechgrove employees, should be permitted to testify as employee-experts exempt from the Rule 26(a)(2)(B) reporting requirements. To the extent the Witnesses stray into purely expert testimony related to the prosecution of this litigation and not their involvement in the underlying events, Carter can object at trial based on the lack of Rule 26 reports and/or conduct voir dire outside the presence of the jury to determine whether the Witnesses are qualified to render purely expert opinions under Rule 702.[5]

---

[4] See also Nester Commercial Roofing, Inc. v. Am. Builders & Conts. Supply Co., Inc., 250 Fed. Appx. 852, 2007 WL 2962383 (10th Cir. Oct. 10, 2007) (affirming exclusion of plaintiff's CPA as an employee-expert based on failure to designate under Rule 26(a)(2)(a), but noting that CPA would not have to provide an expert report as a non-retained employee-expert); Cicero v. The Paul Revere Ins. Co., 2000 WL 656666 (N.D. Ill. Mar. 23, 2000) (permitting employee-expert accountant to testify regarding plaintiff's business costs during disability without meeting Rule 26 reporting requirements, but noting that court may revisit ruling if accountant testified as true expert); Addison v. Medway Air Ambulance, Inc., 2005 WL 2738309 (N.D. Tex. Oct. 24, 2005) (permitting defendant's president and CEO, former employee, and current employee to testify as designated non-retained employee experts without Rule 26 report).

[5] The Court notes that the testimony of Smith may present the most significant concerns with respect to the lack of a Rule 26 report. Despite the statements of Smith and Beechgrove's counsel to the contrary at Smith's deposition, it is unclear whether Smith was, at least in part, "retained or specially employed" to render opinions in connection with the instant litigation. Specifically, Smith's report to the Jefferson Housing Foundation regarding the possible insurance settlement in

As a final note, the Court asserts some concern over the fact that Beechgrove apparently did not respond to interrogatories directed toward discovering the opinions of Anderson and Theriot, and also did not allow depositions of either during discovery. However, to the extent that Beechgrove's refusal to permit discovery or depositions as to Theriot and Anderson may have prejudiced Carter to a degree sufficient to require exclusion of their testimony, no such motion is before the Court, as Carter's present motion asserts only the Rule 26 grounds for exclusion. However, the Court cautions Beechgrove that its refusal to permit discovery as to Theriot and Anderson may jeopardize its ability to utilize their testimony at the trial of this matter. Accordingly,

**IT IS ORDERED** that Carter's **Motion to Strike and/or Exclude the Expert Testimony of Beechgrove's Expert Witnesses (Rec. Doc. 227)** is hereby **DENIED.**

New Orleans, Louisiana, this 9th day of April, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

this case suggests that she may have regularly rendered opinions for use in litigation as part of her duties with Beechgrove. If that is the case, then Smith would have been required to file a Rule 26 report, and her failure to do so should preclude any such retained expert testimony. Nonetheless, these issues must be developed at voir dire, and do not require an in limine order excluding Smith's opinion testimony in its entirety.