UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEECHGROVE REDEVELOPMENT, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 07-8446 |
| CARTER & SONS PLUMBING, HEATING AND AIR-CONDITIONING, INC., ET AL | SECTION: J |

**ORDER AND REASONS**

On June 2, 2009, this Court issued an order dismissing without prejudice the claims of Defendant and Cross-Claimant Moss Creek Development Company Inc. ("Moss Creek") and Intervening Plaintiff Moss Creek/Barton Mallow, a Joint Venture ("the Joint Venture"), against Carter & Sons Plumbing, Heating and Air-Conditioning, Inc. ("Carter"), United National Insurance Company ("United"), and Westchester Surplus Lines Insurance Company ("Westchester") (collectively, "Defendants"). This order resulted in a dismissal of all remaining claims in the above-captioned matter. In accordance with the Court's June 2, 2009 Order, the Court provides the following reasons in support of the order of dismissal.

Federal courts exercising original jurisdiction over claims properly brought in the federal forum are authorized to maintain "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, a federal district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (1) the claim raises a novel or complex issue of State law . . . [or] (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. at § 1367(c).

In assessing whether a district court abused its discretion by declining supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, the Fifth Circuit considers the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). "When all federal claims are dismissed from the case or controversy before the district court, however, § 1367(c)(3) permits the district court to exercise wide discretion in determining whether to retain jurisdiction over the remaining state law claims." Martin v. Waring Investments Inc., 2009 WL 1043808, *4 (5th Cir. Apr. 20, 2009) (citing Welch v. Thompson, 20 F.3d 636, 646 (5th Cir.1994)). In analyzing the propriety of dismissal under §

1367(c), the Fifth Circuit notes that "no single factor is dispositive, and this Court must review the district court's decision in light of the specific circumstances of the case at bar." Brookshire Bros. Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009) (citing Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir.1999)). Finally, several courts have cited the "exceptional circumstances" provision of § 1367(c)(4) to decline the exercise of supplemental jurisdiction because of pendency of parallel state court proceedings. See, e.g., Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir.1992) (affirming post-trial remand under § 1367(c)(4) because "[a]djudicating state-law claims in federal court while identical claims are pending in state court would be a pointless waste of judicial resources"); Wolinsky v. Oak Tree Imaging, LP, 362 B.R. 770 (S.D. Tex. 2007) (justifying remand under § 1367(c) because the underlying "suit began as a two-party dispute in state court with numerous state-law causes of action," and because "the claims before the court rest[ed] entirely on [state] state law").

The specific circumstances of the present case weigh in favor of the Court's decision to dismiss Moss Creek's and the Joint Venture's claims without prejudice. As noted at length in prior orders of the Court in this litigation, this entire case arose out of a fire at Plaintiff Beechgrove's apartment complex in May of 2004. After the fire, Beechgrove filed suit against

Carter, Moss Creek, and various insurers in the 24th Judicial District Court for the Parish of Jefferson ("24th JDC") on May 9, 2005, seeking past, present, and future economic loss damages as a result of the fire. Thereafter, on August 2, 2007, Regions Bank, Beechgrove's construction loan lender, filed suits to foreclose on all of Beechgrove's property. In order to avoid or mitigate its foreclosure damages, Beechgrove filed for Chapter 11 reorganization (voluntary bankruptcy) on October 24, 2007 in the Bankruptcy Court for the Eastern District of Louisiana. Accordingly, Beechgrove removed its state court suit to this Court on November 9, 2007 (Rec. Doc.1) in connection with the pending voluntary bankruptcy proceedings. Meanwhile, Moss Creek and the Joint Venture had filed their own suit in the 24th JDC, which had been consolidated with Beechgrove's state court suit, seeking damages and indemnity against Carter and its insurer for their failure to pay for restoration after the fire. With Beechgrove's removal of its suit in connection with its bankruptcy proceedings, Moss Creek and the Joint Venture sought (Rec. Doc.68) and obtained leave (Rec. Doc.69) to pursue their claims against Carter and various insurers in this Court.

In the end, given the settlement and dismissal of Beechgrove's claims (Rec. Doc. 349), which were the only claims over which this Court held original jurisdiction, the decision on whether or not to retain jurisdiction over Moss Creek and the

4

Joint Venture's remaining claims, which are entirely based on Louisiana law, is within the discretion of this Court under § 1367(c). It should be noted that Moss Creek and the Joint Venture's suit in the 24th JDC, which asserts the exact same claims as the cross-claim and intervention filed in this federal action, remains pending and has remained pending throughout the duration of the proceedings in this case.  Thus, this case is distinguishable from the cases cited by Defendants in opposition to Moss Creek's motion to dismiss.  Those cases involved supplemental state law claims *that had been removed* to federal court; however, the supplemental claims at issue in this case were *originally filed in this Court* as a result of Beechgrove's removal of its suit against Carter.  In other words, the remaining claims in this matter are not merely remaining supplemental *claims* by the Plaintiff in the principal action, but are actually entirely separate supplemental *causes of action* that were filed in this federal litigation in order to protect Moss Creek and the Joint Venture's claims from any possible res judicata effect on one or the other of its parallel lawsuits.

Given this unique posture of the remaining claims by Moss Creek and the Joint Venture, the Court concludes that under § 1367(c)(1),(3), and (4), as well as the relevant principles of judicial economy, convenience, fairness, and comity, that the cross-claims and claims in intervention of Moss Creek and the

Joint Venture should be dismissed without prejudice in favor of the previously filed actions in the 24th JDC. As an initial matter, the Court has not ruled on *any* dispositive motions vis-a-vis the cross-claims and claims in intervention. As such, while the Defendants are correct, as Carter has noted, that "we have reached a late stage of these proceedings [and] that considerable financial resources have been expended in this matter in federal court," this is true *only as to the principal claims of Beechgrove* and not as to the cross-claims and claims in intervention of Moss Creek and the Joint Venture. Thus, insofar as the claims of Moss Creek and the Joint Venture have not been substantially litigated in these federal proceedings, there has not been a significant amount of judicial resources invested in those claims so as to preclude their dismissal under § 1367(c).[1]

---

[1] Furthermore, the Court notes the Fifth Circuit's holding in the investment fraud case of Guzzino v. Felterman, affirming the district court's decision to remand state law claims under § 1367(c) after all federal law claims were dismissed on summary judgment after two years of active litigation. 191 F.3d 588, 593 (5th Cir. 1999). The Guzzino court noted that "the discovery conducted in federal court likely would be available for use in state court and that the parties' other preparatory steps for trial would not be wasted." Id. at 595. Additionally, the Fifth Circuit pointed out the trial court's finding that the "myriad of unique state law issues . . . counseled against retaining the cases in federal court." Id. In the end, the Guzzino court was "mindful of the wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims," and noted that despite "substantial pretrial activity . . . following removal . . . the parties' work product could be taken, with little loss, to the state litigation." Id. Similarly, due to the numerous complicated issues of state law implicated in this case (discussed below), as well as the

6

In fact, the only dispositive motion filed relative to these claims was Carter's Motion for Summary Judgment as to the Claims of Moss Creek Development Company, Inc., and Moss Creek/Barton Malow, A Joint Venture (Rec. Doc. 163), which the Court denied on grounds of material questions of fact and issues of state law. As noted in the Court's order denying that motion, the cross-claims and claims in intervention involve several complex issues of state law, including (1) whether the HVAC Subcontract included a stipulation pour autrui in favor of Moss Creek by Carter; (2) whether the Joint Venture is entitled to indemnity from Carter as a matter of Louisiana law based on the uncertain contractual relationship among Moss Creek, the Joint Venture, and Carter; and (3) whether the Joint Venture is entitled to indemnity under Louisiana law despite the fact that it is not a direct defendant in any of the causes of action in this case. See Rec. Doc. 214. In fact, the Court noted in its ruling "the uncertain facts and legal principles on the issue of the Joint Venture's status as a non-party and the fact that both Carter and the Joint Venture have presented such a cursory treatment of this issue." Rec. Doc. 214, p.25.

Furthermore, there is an additional unsettled matter of

---

relatively simple transferability of the parties' litigation efforts in this Court to the state court, the dismissal without prejudice of Moss Creek and the Joint Venture's claims is appropriate.

state law that the parties have never satisfactorily addressed beyond conclusory argument. Specifically, it is undisputed that Moss Creek settled a portion of its $1.2 million claim for unpaid progress payments against Beechgrove in Beechgrove's bankruptcy proceedings, for the amount of $500,000. The parties have never substantially addressed whether and to what extent Moss Creek's settlement of its unpaid progress payment claims in bankruptcy court affects its claims against Carter for the remainder of the approximately $1.2 million not recovered in Beechgrove's bankruptcy proceedings. Furthermore, the parties have never fully addressed whether and to what extent, as a matter of Louisiana law, any such claim for the remainder of the unpaid progress payments would be characterized as a *tort* claim or rather as a *contract* claim via the opaque indemnity provisions in the HVAC Subcontract. All these issues, in addition to those discussed in the Court's prior order denying Carter's motion for summary judgment as to Moss Creek and the Joint Venture's claims, are novel and complex issues of Louisiana law that have not been adequately addressed by the parties. As such, dismissal without prejudice under § 1367(c) is appropriate. Accordingly,

**IT IS ORDERED** that Moss Creek and the Joint-Venture's remaining cross-claims and claims in intervention against Carter, United, and Westchester are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1367(c)(3), in light of the identical

8

previously filed claims in <u>Moss Creek Development Company, Inc. and Moss Creek/Barton Malow, A Joint Venture, v. Westchester Surplus Lines Ins. Co., et al.</u>, which remains pending in the 24th JDC, No. 620-140, Division "N."

New Orleans, Louisiana, this 10th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE